**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

JILL WISE, Individually and on
Behalf of all Others Similarly Situated                                   PLAINTIFF

vs.                              Case No. 3:21-cv-193-DPM

VITAL LINK, INC.                                                    DEFENDANT

<u>**JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS**</u>

The parties, by and through their undersigned counsel, submit the following Joint Motion to Approve Settlement and Dismiss:

1.      Plaintiff Jill Wise, on her own behalf and on behalf of others, initiated this action on September 15, 2021. (Doc. 1). The Complaint alleges violations of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA") and was filed as a collective action. *Id*. Plaintiff alleged that she and other employees were paid an improper overtime rate because the company failed to include the value of bonuses that were provided to Plaintiff and other employees when calculating their overtime rate. *Id*. at ¶ 30.

2.      Defendants dispute that Plaintiff or others were not properly compensated, thereby creating a bona fide dispute as to wages owed.

3.      On September 15, 2021, and June 6, 2022, two individuals, Donald Neil Wise and Jonathan Pillow, filed consents to join the litigation, respectively.  (Docs. 2 and 16).

4.      On July 29, 2022, Plaintiff filed an Unopposed Motion for Conditional Certification and Notice to Collective Members in this matter, which was granted. (Docs. 19-21). Thereafter, notices were mailed, and two more individuals filed consents to join the litigation, Chad Reynolds and Kristy Reynolds. (Doc. 24).

5.      The parties engaged in informal discovery regarding issues related to the underlying merits of the claims and defenses in the case.

6.      Following extensive negotiations between counsel, the parties have entered into a Settlement Agreement and Release resolving the litigation in full and requesting dismissal of the above-captioned action with prejudice. A copy of the agreement is attached hereto as Exhibit A.

7.      To ensure the settlement agreement releasing claims under the FLSA is valid and enforceable, the parties request judicial review and approval of the agreement. "Settlement agreements resolving FLSA claims are typically subject to court approval. Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute." *Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citations omitted).   In *Younger*, the Court explained that while the Eighth Circuit has not addressed the factors to be considered in deciding motions for approval of FLSA settlements, other courts have analyzed such settlements in two steps. *Id.* First, the Court considers whether the compromise is fair and reasonable to the employee. If so, the Court then considers whether the compromise improperly frustrates implementation of the FLSA. *Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 M.D. Fla. 2010)).

8.      Here, the proposed settlement between the parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation, including the sharing of relevant pay records, by experienced counsel representing both parties. The parties also engaged in settlement negotiations conducted by opposing counsel at arm's length. The parties understand that, inherent to litigation, there are uncertainties and risks. The parties

understand the expense associated with further pleadings, discovery, a trial, and, potentially, an appeal.

9.      The parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement. This decision included evaluating the likelihood of prevailing on the merits of Plaintiffs' claims and Defendant's defenses, including the  proper method for calculating any alleged damages, as well as the amount of any additional fees and costs. Plaintiff has specifically considered the potential value of the claims and concluded that the proposed settlement provides a fair and reasonable resolution of those claims. Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation.

10.      Using the documents provided in informal discovery, counsel calculated each Plaintiff's damages if the allegations in the Complaint were construed in their favor. Under the terms of the Settlement Agreement, four of the five Plaintiffs (Jill Wise, Neil Wise, Chad Reynolds, and Kristy Reynolds) are receiving 100% of their calculated damages for minimum wage violations, including liquidated damages.

11.      Although Defendant agreed the other Plaintiff (Jonathan Pillow) would also receive 100% of his calculated damages for minimum wage violations, including liquidated damages, his recovery is limited by Vital Link's right to a setoff for the following reasons and amounts:

    a.      In 2020, Vital Link and Plaintiff Jonathan Pillow reached an agreement for Vital Link to pay for Plaintiff Jonathan Pillow's paramedic school.  If Plaintiff Jonathan Pillow did not work for two years as a full-time paramedic for Vital Link after obtaining his paramedic license, he was required to repay Vital Link.  Between

October 2020 and April 2021, Vital Link paid $4,477.00 toward Plaintiff Jonathan Pillow's paramedic school. Around May 3, 2022, Plaintiff Jonathan Pillow stopped working full time before completing the two-year required term of employment with Vital Link. At this time, Vital Link and Plaintiff Jonathan Pillow agreed that he would be responsible for the balance of Vital Link's payments for his paramedic school. On May 5, 2022, Vital Link and Plaintiff Jonathan Pillow signed the Education Scholarship payment attached hereto as Exhibit B, confirming his obligation to repay Vital Link and his outstanding balance. Although Plaintiff Jonathan Pillow made some payments to Vital Link, he still owes Vital Link a balance of $2,681.04. Plaintiff Jonathan Pillow's balance owed to Vital Link exceeds the amount he would receive for his alleged minimum wage violations, including liquidated damages. Therefore, he is not entitled to receive any payment, and instead his outstanding loan obligation to Defendant will be reduced by his full liquidated damages amount. *See* 29 U.S.C. § 203(m); Ark. Code Ann. § 11-4-213.

12.    The FLSA provides for an award of reasonable attorneys' fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The parties have reached a resolution as to all Plaintiffs' claims. The attorneys' fees agreed upon by the parties were separately negotiated at arm's length, after the Parties reached an agreement on the settlement awards to Plaintiffs and other terms. Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation, and 29 U.S.C. § 216 "does not require approval of settled attorney fees." *Barbee v. Big River*

4

*Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019). Accordingly, the parties do not seek approval of this portion of their settlement. Thus, this proposed resolution sufficiently closes all matters before the Court and warrants dismissal.

13.    The parties jointly seek dismissal with prejudice of Plaintiffs' Complaint in this action. The parties request that following the Court's approval of the Settlement Agreement, the Court dismiss the above-styled action with prejudice.

WHEREFORE, Plaintiffs and Defendant jointly request that the Court enter an Order dismissing with prejudice this lawsuit in its entirety, and approving the Settlement Agreement, and for all other relief to which they may be entitled.

Respectfully submitted,

/s/ *Daniel Ford (with permission)*
Josh Sanford (2001037)
Daniel Ford (2014162)
Sanford Law Firm, P.L.L.C.
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com
daniel@sanfordlawfirm.com

Attorneys for Plaintiffs Jill Wise, Donald Neil Wise, Jonathan Pillow, Chad Reynolds, and Kristy Reynolds

**AND**

Eva C. Madison (98183)
Kyle D. Kennedy (2017104)
LITTLER MENDELSON, P.C.
217 East Dickson Street, Suite 204
Fayetteville, Arkansas 72701
Telephone: 479-582-6100
Facsimile: 479-582-6111

5

emadison@littler.com
kkennedy@littler.com

Attorney for Defendant Vital Link, Inc.